«CARRINGTON, Judge.
I concur with the Judge, who last delivered his opinion; which if not supported by strict law, is, at least, agreeable to the soundest principles of justice and good sense.
But the law is certainly with the opinion. In 2 Bac. 421, it is said, that rents in lieu of profits, charters and writings relating to lands go to the heir; and in the passage cited from 3 Bac. 20, conditions and covenants real, such as are annexed to real estates, go to the heir also. So that the title to the security seems to be clearly vested in the heir: And it is admitted that an action of covenant would have lain for him. But, I cannot discover any reasonable distinction between debt and covenant in such a case. For in both the object is to recover compensation for a specific in - jury done to the inheritance, or in other words to the heir; and why the recovery should in one action enure to the heir, and in the other to the executor, is very difficult to conceive.
The bond in the present case, upon the very face of it, imports that it could not form any part of the personal assets. For it respected the title to the inheritance only, to which it was an appendage. The heir therefore had a right to it as one of the muniments of his title; and, as the breach happened in his own time, he had a right to sue upon it; and might bring debt or covenant at his election. For if the covenant binds the obligor and his representatives to the heir, the contents of it must belong to the heir likewise; and the sum being certain an action of debt to recover it was properly brought.
Indeed the conduct of the defendant admits the propriety of the action. For, instead of excepting to the form of the action, he has plead over, and stated assets to a certain amount. On which plea an issue was taken; and on the trial a verdict passed for the plaintiff. After which it would be too much to allow an exception to the action, «without clear principles, or the most decisive authorities require it. But, as there are neither in the present case, I think the judgment of the District Court should be reversed; and that judgment should be entered for the plaintiff.
LYONS, Judge.
This is a suit at Common Daw, and must be decided according to the rules and principles of the Common Daw.
By the Common Daw all charters and writings relating to the freehold and inheritance, that is to say, deeds and covenants conveying lands, which can be transferred as I understand it, follow the interest of the land and belong to the heir to protect his title. But leases, mortgages, judgments and bonds for payment of money, belong to the executor and are assets.
Deases, made by the ancestor, reserving rent to the heir and executor, go to the heir; the rent being incident to the reversion : But mortgages, bonds payable to the ancestor and heir for money, or in a penal sum go to the executor; for the executor shall take advantage of covenants in gross. 1 Ventr. 175.
A bond for conveying of land or for further assurances, conveys no estate at Common Daw, nor can any estate be recovered by suit upon it. Such a bond will not enable the heir to recover or defend at law; it is not assignable at Common Daw, and cannot be transferred to a purchaser: It is therefore useless to the heir in that respect. Money and not land is to be recovered on it; and the whole penalty is forfeited by a single breach. It is true that either party may have recourse to a Court of Fquity; the obligee for a specific performance of the condition, and the obligor to be relieved against the penalty, on making compensation. But at law the action must be for the penalty only, and as that is money and a gross sum, the suit must be brought by the executor as legal representative of the personal estate.
*In Wentworth’s office of executors, it is said, “If A. be bound to B. by bond, statute or recognizance for assurance of land, B. dieth, and the land descend to the heir; or be it that B. sold the land to *240 0, and assigned to him the bond &c. yet must the suit &c. be in the name of the executor of B. and neither of the heir or assignee; and that which is recovered will be assets in law to charge the executor as I take it; yet in equity it pertains to the heir or assignee. Quere, If the executor meddle not, but only suffer his name to be used,” Wentworth off. Ex. 74. In another place, he has a passage to this effect, “Many have bonds, statutes, or recognizances for warranty or enjoying of land, or freeing &c. from incumbrances in general, or particular. Now he which hath these, selling the land, may by letter of attorney lawfully assign them to the party who buyeth land or lease: but this notwithstanding, the interest remains in him who selleth, and by his outlawry they may be forfeited, or by himself released, any bond to the contrary notwithstanding; and if he die, the interest in law will be in and go to his executors, and in their names only suit or execution may be had or maintained. But if the vendor besides assignment makes as to the obligation &c. only the vendee executor, by this the interest after the death of the party will be in him actually &c. since none but he can release or discharge, nor any other name need to be used to sue or take benefit thereof.” Ibid. 12.
These passages prove, that bonds for conveyances, and assurances do not, like covenants in conveyances, run with the land, and become the property of the heir; but belong to the executor, and if so, the naming of the heir is mere surplusage, and gives him no right of action.
This doctrine is attended with no inconvenience to the heir, whether the breach be before or after the ancestor’s death : If before; the executor *will recover damages for that breach, and a scire facias for future breaches may be brought in his name upon the judgment, until the whole penalty is exhausted; which like the Governor, Justices and other public officers he would not, perhaps, be allowed to release. If after; the heir must, indeed, make use of the executor’s name in bringing the suit, but the recovery will be for his own benefit. So that his interest is sufficiently protected.
It was said that the nomine peen» in a lease may be sued for, and recovered by the heir in his own name; which the appellee’s counsel insists is analogous to the present case. But that is not so.
Bor the nomine poenas like the rent, it is incident to the reversion, and descends to the heir at Common Law. It waits on the rent, and cannot be released until the rent is behind: Nonpayment makes it a duty. Yelv. 215; 4 Bac. 285.
The argument, that the act of Assembly by declaring that the penalty shall be discharged by payment of the damages found, does in effect destroy the distinction between debt and covenant, has no weight with me. Bor that act does not alter the nature of the action, but the same judgment for the penalty is still preserved by the act, and a collateral relief only given, in order to prevent the necessity of applying to a Court of Equity. So that the act, instead of confounding the distinction between them, does in express terms support it.
There must have been many bonds for convej'ances and assuring of title in England, yet there is no precedent of any suit or declaration, by an heir, upon such a bond; and if no such precedent can be shewn, then, according to Littleton’s rule, it is a good argument, that an action lies ■ not, because one was never brought'.
*1 am therefore of opinion that there is no error; and that the judgment ought to be affirmed.
PENDLETON, President.
The bond is to Peter Eppes, his heirs or executors, to operate in succession, and not to any two at the same time; to Peter during his life, in which no breach was made, and at his death it became payable to one of his two legal representatives, and not to both. So that the objection that the obligee was liable, at the same time, to be sued by two different persons, does not seem to have any force. The paper and the remedy can belong only to one; and the question is, to which? The heir is as much the legal representative of the testator as to the real estate, as the executor is as to the personal; and, with the land, the heir takes all deeds, and writings relating to them, whether for conveying the title or protecting his quiet enjoyment; with none of which could the executor intermeddle, as it is laid down by Bacon in his second volume 421 (from Roll’s abr. 919, and Wentw. 63,) where he is professedly treating of the distinct rights of the heir and executor.
The same author in his 3d vol. 20, treating of the rights of the .heir to take ad ■ vantage of the conditions or covenants made to the ancestor, lays down this general principle, “conditions and covenants real, or such as are annexed to estates, shall go to the heir and he alone shall take advantage of them.” In a note he makes this obvious distinction that in case of a breach in the testator’s lifetime it shall go to the executor; the land being gone and the substitute money.
But we are embarrassed by the term penalty ; which is money; was a debt from the date of the bond; and therefore, at law, must go to the executor. This, if it could be true, would wholly derange the principles laid down by Bacon : And how is it proved? I consider it to be the same as timber on the land; if severed in the testator’s life *time it will go to the executor; if growing it will belong to the heir. It is laid down in Co. Litt. 292, that if a man be bound by deed to pay another a sum of money at a future day, a release of all actions before the day shall be a bar; because the debt was a thing in action, and although he could not sue, because it was debitum inpraesenti, solvendum in futuro, yet since the right of action was in him, a release of all actions was a discharge of the debt.
Penalties in their nature follow the subject they are intended to inforce: And the case put pf a nomine poenae 3d Bacon 20, applies directly, in terms; since he states the case of a penalty to inforce the payment of rent; which (that is the penalty) he says ought in reason to go to him who *241 has a right to the rent. So, in the present case, the penalty is to go to him who lost the land intended to be protected by it. But it is said, that there is no instance of a suit by the heir for a penalty. I have not searched for the precedent; but believe it would be, at least, as difficult to produce one, of an executors suing for the penalty of a bond, which had a condition for quiet enjoyment of land annexed to it, and the condition not broken at the testators death.
In this case the heir has sustained the loss to be recompensed; he is named as obligee in the bond; has rightfully the possession of it; and I can find no principle of the most rigid law to prevent his recovery in the mode he has pursued.
A majority of the Court therefore is of opinion that the errors assigned to arrest the judgment are insufficient for the purpose ; and consequently that the judgment of the District Court is erroneous: It is therefore to be reversed, and judgment entered for the plaintiff.